UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRES MACHUA POSADA,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-06306 (VC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Michael Andres Machua Posada filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE") or, alternatively, a bond hearing. *See* Dkt. No. 1 at 17. For the reasons that follow, the Court GRANTS the petition in part.

Based on the parties' submissions, the Court finds the following facts. Fleeing Columbia, Petitioner entered the United States on or around May 12, 2023, and was taken into custody by the Department of Homeland Security ("DHS"). *See* Dkt. No. 9 at 5. On May 14, 2023, Petitioner was released from custody on his own recognizance and placed in removal proceedings. *Id*. at 5, 10; Dkt. No. 1 at 6. After his release, Petitioner began living in San Jose, California with his mother. Dkt. No. 1 at 5.

Petitioner was arrested for driving under the influence on May 14, 2026, and the charge remains pending. Dkt. No. 9 at 5. After learning of the criminal charge, ICE determined that Petitioner's detention was necessary. *Id*. He was arrested outside his home on June 29, 2026. *Id*.

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Casimir v. Chestnut*, No. 1:26-CV-06320 (VC), 2026 WL 2516709 (E.D. Cal. Aug. 25, 2026; *Bastidas Mendoza v. Albarran*, No. 25-CV-08205-VC, 2026 WL 1841025 (N.D. Cal. June 26, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, at which they must justify the reasons underlying the revocation of his release. Petitioner has a clear liberty interest in his continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Court's prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low while the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents filed an opposition to the petition, arguing that Petitioner's detention is mandatory under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2), but otherwise offer little to rebut Petitioner's due process claim. Dkt. No. 9 at 1. As it has in the past, the Court rejects Respondents' argument that Petitioner may be mandatorily detained under § 1225(b)(2). *See Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540, at *2 (E.D. Cal. May 14, 2026). Therefore, the Court finds that Petitioner's re-detention without a hearing violated the Due Process Clause of the Fifth Amendment.

However, the Court finds that a post-deprivation hearing, rather than a pre-deprivation hearing, is the appropriate remedy under these circumstances. Petitioner may have violated the terms of his release given his recent arrest. *See* Dkt. No. 9 at 10 (Petitioner's Order of Release on Recognizance noting that a condition of his release was to "not violate any local, State, or Federal law[]"). The relevant question, however, is whether his DUI charge constitutes changed circumstances that would justify an immigration judge revoking Petitioner's release. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on

his own recognizance but detained by ICE after he was arrested for aggravated battery because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *Delgado-Garay v. Warden of California City Immigr. Processing Ctr*., No. 1:26-CV-03515-JLT-FJS, 2026 WL 1758505, at *2 (E.D. Cal. June 18, 2026) (ordering post-deprivation hearing for petitioner recently charged with a DUI).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED. Respondents are ORDERED to provide Petitioner with a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 17, 2026

VINCE CHHABRIA
United States District Judge